AUSTIN *v.* UNITED STATES (No. 462).[1]

BUILDING OR MONUMENTAL STONES, DRESSED OR POLISHED. &

Pieces of granite, ornamented and polished to size, scale, and design, and ready after being cemented or leaded together to be set up, are building or monumental stones and were dutiable as such under paragraph 118, tariff act of 1897.—Austin, Baldwin & Co. *v.* United States (144 Fed. Rep., 702), and Murphy *v.* United States (162 Fed. Rep., 871); Vantine & Co. *v.* United States (159 Fed. Rep., 289) distinguished.

United States Court of Customs Appeals, April 17, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York, Abstract 14687 (T. D. 27999), Abstract 14832 (T. D. 28036).

[Affirmed.]

*Walden & Webster* for appellants.
*D. Frank Lloyd,* Assistant Attorney General, for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This is an appeal from the decision of the Board of General Appraisers holding the importation in question dutiable under paragraph 118 of the tariff act of 1897. The protest claims the articles dutiable under paragraph 97 and alternatively under section 6. The four paragraphs in question read as follows:

117. Freestone, granite, sandstone, limestone, and other building or monumental stone, except marble and onyx, unmanufactured or undressed, not specially provided for in this act, twelve cents per cubic foot.

---

118. Freestone, granite, sandstone, limestone, and other building or monumental stone, except marble and onyx, not specially provided for in this act, hewn, dressed, or polished, fifty per centum ad valorem.

97. Articles and wares composed wholly or in chief value of earthy or mineral substances, or carbon, not specially provided for in this act, if not decorated in any manner, thirty-five per centum ad valorem; if decorated, forty-five per centum ad valorem.

SEC. 6. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles, not enumerated or provided for in this act, a duty of ten per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this act, a duty of twenty per centum ad valorem.

The importation consists of granite, prepared in pursuance of designs and specifications for monuments, and consists of pieces of granite, such as die, base, and cap. These pieces were dressed, ornamented, and polished abroad to size, scale, and design, and were imported in that shape. It appears from the testimony that after being thus imported the monuments are ready to be set up, the several pieces being cemented or leaded together.

The real question is whether paragraph 118 is a more specific enumeration of this importation than section 6, providing a tax on unenumerated manufactured articles, or paragraph '97, imposing a tax upon articles in chief value of earthy or mineral substances.

The two paragraphs, 117 and 118, should be read together. Paragraph 117 provides for monumental stone unmanufactured or undressed. Paragraph 118, immediately following, provides for monumental stone hewn, dressed, or polished, and fixes a tax of 50 per centum ad valorem as against a tax for the unmanufactured or undressed at 12 cents per cubic foot. The intent to cover the advanced or manufactured article by paragraph 118 we think is manifest. It is true that in one sense these importations nearly approach a completed article, in fact are ready for use with the slight exception of leading or cementing. But we can not escape the conviction that they come more properly under paragraph 118 than under section 6. Most clearly they are building stone, and they are hewn, dressed, and polished, and are within the language of paragraph 118. There is nothing in the language of the act, taken as a whole, which leads us to the conclusion that the intent of Congress was to exclude articles so far advanced as are these from the provisions of paragraph 118.

The question is not new. It was first presented to the Board of General Appraisers in Austin, Baldwin & Co. *v.* United States (144 Fed. Rep., 702), opinion by General Appraiser McClelland. It was there held that monuments in sections consisting of pieces of dressed granite to be assembled and erected as monuments without further manipulation were dutiable under paragraph 118. This case was taken by appeal to the district court and there affirmed, *ibid.* On appeal to the court of appeals, the decision of Hazel, district judge, was affirmed without opinion.

It is suggested in the brief of counsel that the force of this opinion is lessened by the fact that in the case cited the protest did not make the claim that the importation was dutiable under section 6. But an answer to this contention is found in the case of Murphy *v.* United States (162 Fed. Rep., 871), which was heard by Justice Moody and Circuit Judges Dallas, Gray, and Buffington. Upon full consideration the case of Baldwin *v.* United States, *supra,* was followed. The court held that paragraphs 117 and 118 were evidently meant to cover the general subject of building and monumental stone. The opinion proceeds:

In substance, paragraph 117 provided for importation thereof in crude state, described them as "unmanufactured or undressed," and levies a tax of 12 cents. per cubic foot; while paragraph 118 provides that when such material was "hewn, dressed, or polished"—that is, when the value had been increased from the crude to a "hewn, dressed, or polished" state—they were taxed at 50 per cent ad valorem. Now, it is clear that these articles which were finished parts of a monument, each dressed to scale and ornamented and polished to design, were aptly described as "granite * * * dressed or polished." They are of the general class of articles, viz, monumental stone, which paragraph 118 covered, and are therein more specifically designated as "granite or monumental stone, dressed or polished," than in the broader generic language of section 6 as "articles manufactured in whole or in part."

We agree fully with the views expressed in this opinion.

The importers contend that the later case of Vantine & Co. *v.* United States, decided at circuit by Martin, district judge (159 Fed. Rep., 289), and on appeal affirmed by the Circuit Court of Appeals of the Second Circuit (166 Fed. Rep., 751), supports their contention and is in conflict with the cases cited. That case must be considered as authority only for the precise point ruled on. The merchandise imported consisted of Japanese lanterns formerly used in Japan as ornamental garden lanterns and brought into this country as curios. It was held that they had passed out of the class of building and monumental stone, were not covered by any paragraph, and therefore should be classified under section 6 at 20 per cent as unenumerated manufactured articles.

The Vantine case is clearly distinguishable from the present. paragraph 118 relates only to monumental or building stone. When such stone, although it formerly may have been monumental or building stone, is cut into the form of an article like a stone lantern, used as an ornamental garden lantern, it is no longer suitable for building purposes or for monumental stone.

There is none of the present importation which is not suitable for monumental stone, and in fact dedicated to that use. It comes literally within the terms of paragraph 118, whereas the changed condition of the article in the Vantine case excludes it from the terms of paragraph 118.

The decision of the Board of General Appraisers, following the case of Murphy *v.* United States, supra, is *affirmed.*

Smith, Barber, De Vries, and Martin, Judges, concur.