(C. D. 386)

K. M. KUBIERSCHKY v. UNITED STATES

United States Customs Court, First Division

(Decided October 22, 1940)

*Puckhafer, Rode & Rode (John D. Rode* of counsel) for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*Richard F. Weeks* and *Frank X. O'Donnell, Jr.,* special attorneys), for the defendant.

Before BROWN and WALKER, Judges

WALKER, Judge: This is a suit brought against the United States for the recovery of money paid as customs duties claimed to have been illegally exacted on an importation of granite. The collector of customs

classified the merchandise as granite suitable for use as monumental, paving, or building stone, not specially provided for, and assessed duty thereon at the rate of 60 per centum ad valorem under the provision therefor in paragraph 234 of the Tariff Act of 1930. Plaintiff's claim is that the granite is entitled to classification under the provision in paragraph 214 of the same act for articles composed wholly or in chief value of earthy or mineral substances, not specially provided for, and is therefore subject to duty only at the rate of 30 per centum.

At the trial of the issue the importer, a consulting engineer and designer of the article at bar, testified in his own behalf and stated that the importation consisted of a granite tower, imported in knocked-down condition, which is used in the chemical industry for the purpose of recovering bromine. Various photographs and diagrams showing the position of the tower and the manner of its connection with the rest of the plant are in evidence as illustrative exhibits.

It appears from the testimony given by Mr. Kubierschky that in the process of recovering bromine only acid-proof materials can be used, such as glass, chemical stoneware, and certain stones such as sandstone or granite, among others, and that in use the tower, which is about 3 feet wide by 6 feet long and about 25 to 30 feet high, is set up inside the bromine plant and during the process of recovering bromine various liquids go through the tower. At certain places on the tower holes are bored through the granite to which are attached glass pipes leading to other parts of the plant. The holes were bored prior to importation and each piece of granite was cut to fit in its particular place, and as imported there was no other use for the pieces of granite in issue than as part of a bromine tower.

In support of the collector's classification it is urged by counsel for the Government in the brief filed in the defendant's behalf that the bromine tower in issue was built; that its materials therefore were building materials, and hence the granite in issue was building stone. The case of *United States* v. *Grasselli Chemical Co.*, 3 Ct. Cust. Appls. 486, T. D. 33123, is cited by counsel and the following excerpt therefrom is quoted:

There is no limitation of the term "building stone" in the paragraph. The term is not restricted to such stones as are used for the outer walls of buildings. The exception from the provisions of the paragraph of marble, breccia, and onyx would indicate that any stone other than these excepted, used for interior decoration, would be within the provisions of the paragraph. Nor does any good reason occur to us why any stone used in the interior of a building would not be properly designated as building stone. The entire inner surface of this structure is composed of stone of the character here in question. It is carried from the bottom to within two feet of the top of the shaft of the chimney in a solid structure. The structure is built by the use of these stones. Without them its form could not be maintained, and we feel constrained to hold that they are, within the ordinary acceptation of the term, building stone.

It is true that the paragraph referred to in the *Grasselli* case, *supra*, was No. 114 of the Tarriff Act of 1909, providing for—

Freestone, granite, sandstone, limestone, and all other monumental or building stone, except marble, breccia, and onyx, not specially provided for in this section, hewn, dressed, or polished, or otherwise manufactured * * *.

as compared with the provision in the existing act (paragraph 234 (a)) for—

Granite suitable for use as monumental, paving, or building stone, not specially provided for, hewn, dressed, pointed, pitched, lined, or polished, or otherwise manufactured * * *.

However, inasmuch as the term to be construed, i. e. "building stone," is the same in both acts, we may use the *Grasselli* case in obtaining some guidance in determining whether the granite at bar is included within that term.

It will be noted that the stone involved in the *Grasselli* case was used in the building of a structure which became part of the realty as soon as built, that is to say, the chimney was an integral part of the structure of the factory or building to which it was attached. Such was not the case so far as the granite tower in issue was concerned. It became part of the *equipment* of the plant, but not part of the structure, and, although necessarily large and heavy, retained its character as personalty even after assembly.

The evidence shows that the tower has a specific use, viz, in the recovery of bromine, and it is not in any way at all connected with the construction of buildings or used for structural purposes. It is apparent that if the building housing the tower were sold independently of the equipment as realty title to the tower would not pass to the purchaser, and if the plant were to be removed to some other spot the tower would be removed also, as it would in no sense be a part of the realty or fixtures attached thereto so as to merge with the realty.

The stones as imported were shaped, cut, and bored, and were fitted for no other use than assembly into a bromine tower. The tower itself is not a building nor is it a part of a building, as was the chimney in the *Grasselli* case, *supra*, and it is a structure only insofar as any large piece of apparatus is necessarily a structure. It was fashioned out of granite not for its structural qualities, but for its acid-proof qualities.

For the foregoing reasons the granite as imported was not suitable for use as building stone, but was "adapted for another and distinct use," as was held in *Manufacturers' Paper Co.* v. *United States*, 3 Ct. Cust. Appls. 72, T. D. 32353, and is not dutiable as building stone. In the last-named case the court cited the decision in *Austin* v. *United States*, 1 Ct. Cust. Appls. 510, T. D. 31532, wherein it was said—

When such stone, although it formerly may have been monumental or building stone, is cut into the form of an article like a stone lantern, used as an ornamental garden lantern, it is no longer suitable for building purposes or for monumental stone.

and went on to say—

We think the same may be said of this importation. True these blocks might be broken in pieces and portions of them made use of. They might be ground up and used in that form. But in the form in which imported, they are not adapted to use as building stone. The fitness of the native stone for such use has been destroyed, and it has been devoted to a new use.

So in the case at bar. We are therefore of the opinion that the classification made by the collector under paragraph 234 (a) was erroneous. Paragraph 214, under which plaintiff claims, provides, among other things, for—

Earthy or mineral substances wholly or partly manufactured and articles; wares, and materials (crude or advanced in condition), composed wholly or in chief value of earthy or mineral substances, not specially provided for, whether susceptible of decoration or not, if not decorated in any manner, 30 per centum ad valorem * * *.

Granite, according to Funk & Wagnalls' New Standard Dictionary is a "holo-crystalline granular igneous rock." "Rock" is defined by the same authority as follows:

In ordinary usage, the consolidated and indurated material forming the earth's crust or any part of it; stone; specif., any consolidated or coherent relatively hard aggregate or mass of mineral matter.

We are satisfied that in the absence of a more specific provision therefor the granite at bar is fairly within the provision quoted above for articles composed wholly of mineral substances, and the plaintiff's claim for duty at the rate of 30 per centum ad valorem under paragraph 214 is sustained.

Judgment will issue accordingly.